IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NORMAN GREGORY, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-10-CA-572-LY |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
          UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.**    **Petitioner's Criminal History**

According to Petitioner, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 227th Judicial District Court of Travis County, Texas. Petitioner was

convicted of burglary of a habitation and was sentenced to 25 years in prison on March 30, 1989. Petitioner was released on parole, but his parole was revoked on November 27, 2006. Apparently, Petitioner's parole was revoked due to his subsequent conviction of burglary of a habitation in Dallas County, Texas.

**B.    Petitioner's Grounds for Relief**

Petitioner's claims are not entirely clear. Most of his claims, however, appear to relate to the revocation of Petitioner's parole.

Petitioner may also be challenging his Dallas County conviction. He mentions his attorney with regard to the Dallas County conviction was ineffective and his guilty plea was not voluntary.

## II.  DISCUSSION AND ANALYSIS

**A.    Parole Claims**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner could have discovered the factual predicate of his claims as they relate to his parole and parole revocation at the time his parole was revoked on November 27, 2006. Thus, absent any tolling, Petitioner had until November 27, 2007, to file an application for federal habeas relief.

Petitioner did not date his federal application for habeas corpus relief. He did, however, date his request to proceed in forma pauperis on July 27, 2010, more than two years after the expiration of the one-year limitations period. Petitioner's state application did not operate to toll the limitations period, because it was filed on February 4, 2010, after the limitations period had already expired. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

**B.     Dallas County Conviction**

Petitioner may not include his challenge to his Dallas County conviction in the same application in which he challenges his parole revocation relating to his Travis County conviction. Rule 2(e) of the Federal Rules Governing Section 2254 Cases provides:

> A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court.

Moreover, venue is not proper in this Court with regard to the Dallas County conviction. Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner is confined in the Wayne Scott Unit of the Texas Department of Criminal Justice which is within the geographical boundaries of the Galveston Division of the Southern District of Texas. Petitioner was convicted and sentenced by a judicial district court in Dallas County, Texas, which is within the geographical boundaries of the Dallas Division of the Northern District of Texas. Accordingly, venue is not proper in this Court.

## III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred to the extent Petitioner challenges his Travis County conviction and the revocation of his parole. To the extent he challenges his Dallas County conviction it is recommended that Petitioner's application for writ of habeas corpus be dismissed without prejudice to refiling a separate application in a court with proper venue.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

4

the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of August, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE